UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

THE PHOENIX OF ALBANY, LLC

                      Plaintiff,

-against-                                   1:22-CV-00577 (LEK/ATB)

THE COUNTY OF ALBANY, *et. al.*

                      Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff The Phoenix of Albany, LLC commenced this action on May 31, 2022. Dkt. No. 1 ("Complaint"). On August 2, 2022, the County of Albany and Jeffrey Neal (collectively, "Defendants") filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6). Dkt. No. 7 ("Motion to Dismiss").

Now before the Court is Plaintiff's cross-motion for leave to file an amended complaint. Dkt. No. 40 ("Motion"). Defendants oppose the Motion. Dkt. No. 44 ("Defendants' Opposition"). For the reasons that follow, Plaintiff's Motion is granted and Defendants' Motion to Dismiss is denied as moot.

**II.    DISCUSSION**

Federal Rule of Civil Procedure 15(a)(2) "declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc., 970 F.3d 133, 144 (2d Cir. 2020) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). The Supreme Court has held:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . futility of an amendment, etc.— the leave sought should as the rules require be 'freely given.'

Foman, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)(2)).

Defendants argue that Plaintiff should not be permitted to file an amended complaint because (1) the Court must first address the alleged issues concerning subject matter jurisdiction that Plaintiff's original complaint raises; (2) Plaintiff's proposed amended complaint is brought in bad faith; (3) Plaintiff failed to comply with Local Rule 7.1; and (4) Plaintiff's proposed amended complaint is futile. Defs.' Opp'n at 1–24. The Court will address each argument in turn.

### A. Threshold Subject Matter Jurisdiction Argument

Defendants posit that the Court should first determine whether it has subject matter jurisdiction over Plaintiff's original complaint before deciding whether to grant Plaintiff's Motion. Id. at 1–9. Specifically, Defendants state: "[T]his Court must determine if it has the power to entertain the Phoenix's cross-motion to supplement its complaint before it may consider the merits of the amendments given that the County Defendants have challenged this Court's subject-matter jurisdiction over this action." Id. at 5. To support this proposition, Defendants cite to cases containing quotations which state that federal courts are courts of limited jurisdiction. See id. From these quotations, Defendants assert, "It follows that if this Court does not have jurisdiction to adjudicate the Phoenix's claims set forth in its original complaint, it does not have the power to entertain the Phoenix's cross-motion which [sic]." Id. Defendants have thus declined to discuss cases that directly address the question of whether a

federal court may grant leave to file an amended complaint when a party contests the court's subject matter jurisdiction over the original complaint.

Other courts in this Circuit have addressed that question. For instance, in Montgomery v. Cuomo, the district court conceded it lacked subject matter jurisdiction over a set of claims originally filed by the plaintiffs, but nevertheless stated, "although the Court lacks subject matter jurisdiction . . . it may nevertheless allow an opportunity to file an amended complaint." 291 F. Supp. 3d 303, 351 (W.D.N.Y. 2018) (citing Oliver Sch., Inc. v. Foley, 930 F.2d 248, 252 (2d Cir. 1991)). The Montgomery court relied on the Second Circuit's decision in Foley. In Foley, the Second Circuit permitted the plaintiff to file an amended complaint against governmental officials, even though the plaintiff's prospects of overcoming the government's Eleventh Amendment immunity defenses "were doubtful." Foley, 930 F.2d at 252. The Second Circuit nevertheless concluded: "[The] principle that permission to amend to state a claim should be freely granted is likewise applicable to dismissals for failure to plead an adequate basis for federal jurisdiction." Id. (internal citation omitted).

The facts of this case are even more favorable to Plaintiff's request for permission to amend than in the Montgomery case, because unlike in Montgomery, it is not clear to this Court that it lacks subject matter jurisdiction over the claim in Plaintiff's initial complaint. However, even assuming *arguendo* that subject matter jurisdiction is absent, the Court will follow the reasoning of Foley and Montgomery and will not deny leave to file an amended pleading on the basis of subject matter jurisdiction.

### B. Alleged Local Rules Violation

Defendants next contend that the Court should deny the Motion because Plaintiff has

failed to comply with Local Rule 7.1(a). Defs.' Opp'n at 24–25. In particular, Defendants aver that because Plaintiff failed to file a supporting affidavit, the Motion should be denied in its entirety. See id.

As an initial matter, Defendants misstate which Local Rule purports to bar Plaintiff's Motion. The rule Defendants recite is from Local Rule 7.1(b), not 7.1(a). Local Rule 7.1(b) provides in relevant part: "Except as otherwise provided in this paragraph, all motions and opposition to motions require a memorandum of law, supporting affidavit *when necessary* to establish and provide factual and procedural background relevant to the motion, and proof of service on all the parties." L.R. 7.1(b) (emphasis added). Defendants claim that because Plaintiff did not file an affidavit, the Court "must den[y] the [M]otion." Defs.' Opp'n at 24–25.

The Court disagrees. First, the Court notes that L.R. 7.1(b) requires an affidavit only "when necessary to establish and provide factual and procedural background relevant to the motion[.]" Here, the Court does not find it "necessary" for an affidavit to establish the relevant background given that dispositive motions and responses have already been filed. See Docket. As a result, the Court is aware of the relevant procedural and factual background concerning this action. Therefore, the Court does not deem it necessary for an affidavit to be filed. However, even assuming *arguendo* that contrary to Local Rule 7.1(b)'s plain language, an affidavit is *always* required, a "district court's inherent discretion to depart from the letter of the Local Rules extends to every Local Rule regardless of whether a particular Local Rule specifically grants the judge the power to deviate from the Rule." Somlyo v. J Lu-Rob Enterprises, Inc., 932 F.2d 1043, 1049 (2d Cir. 1991). Because of the discretion afforded to district courts regarding the Local Rules, the Court would not deny the Motion on the basis of a technicality in this context. Cf. Foman, 371 U.S. at 181 ("It is too late in the day and entirely contrary to the spirit of the Federal

Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities."). Therefore, the Court will not deny Plaintiff's Motion on the basis of the Local Rules.

### C. Bad Faith

Defendants also claim that Plaintiff brings the Motion in bad faith. Defendants state that Plaintiff knew about facts related to its proposed amendments several months before Plaintiff filed its Motion. Defs.' Opp'n at 20. Defendants appear to be making an undue delay argument despite styling their opposition as one related to bad faith. However, "[c]ourts in this circuit have held that a defendant's claim that plaintiff had knowledge of the facts in the amendments at the time of pleading is alone insufficient to deny on the basis of undue delay." Cook v. City of New York, 243 F. Supp. 3d 332, 354 (E.D.N.Y. 2017) (citations omitted). Moreover, even if the Court interprets Defendants' argument as one related to bad faith, "defendants' allegations that plaintiff[] acted in bad faith in waiting to file the motion to amend are conclusory and are insufficient to prove bad faith absent some other evidence of a dilatory motive." Id. (citations omitted). Defendants fail to point to a dilatory motive beyond their belief that Plaintiff seeks to merely sustain its claim "and avoid dismissal under Rule 12(b)(6)." See Defs.' Opp'n at 20–22. This Court notes: "[C]ourts have permitted amendments despite the fact that the motion was made at later stages in the litigation after considerable delay." EEOC v. Thomas Dodge Corp., 524 F. Supp. 2d 227, 231 (E.D.N.Y. 2007) (collecting cases). Moreover, the delay in the case that Defendants rely on to support their position was a magnitude of several years, see Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008), while the "delay" here is a few months. Accordingly, Defendants' bad faith allegations lack merit.

### D. Futility of Amended Complaint

Defendants next argue that Plaintiff should not be granted leave to file an amended complaint because the proposed amendments are futile. Defs.' Opp'n at 9. Defendants further state that even with Plaintiff's amendments, this Court lacks subject matter jurisdiction because of the Tax Injunction Act, the Principle of Comity, the Rooker-Feldman doctrine, the absence of Article III standing, and because of the Younger abstention doctrine. See id. at 10–17. Relatedly, Defendants argue that Plaintiff's amended complaint would not survive a 12(b)(6) motion. Id. at 18–19.

"Leave to amend may properly be denied if the amendment would be futile. A proposed amendment to a complaint is futile when it could not withstand a motion to dismiss." F5 Cap. v. Pappas, 856 F.3d 61, 89 (2d Cir. 2017) (internal citations omitted). Courts in this District have declined to decide the merits of proposed amended complaints that are filed as cross motions. See, e.g., Carpenter v. Mohawk Valley Cmty. Coll., No. 18-CV-1268, 2019 WL 3338845 (N.D.N.Y. July 25, 2019). Under this District's Local Rules, "[t]he cross-moving party may not reply in further support of its cross-motion without the Court's prior permission." L.R. 7.1(c). Accordingly, in Carpenter, a court in this District opted not to decide the merits of an amended complaint because under the Local Rules the plaintiff lacked the opportunity to respond to the defendant's opposition papers. Id. at *1. The court noted: "The issue here is one of procedure. With one exception below, defendants' futility arguments were naturally raised for the first time in their opposition to [plaintiff's] cross motion to amend." Id. Consequently, the court reasoned, "[the plaintiff] has not responded to those arguments; indeed, he was unable to do so (without prior permission of the court) under Local Rule 7.1(c). Without hearing from [the plaintiff], the court declines to decide the merits of defendants' futility arguments at this juncture." Id. As a result, that court granted the plaintiff's motion to amend without addressing the merits. Id.

Thus, as a matter of fairness, the Carpenter court—like other courts—have declined to address arguments raised for the first time that a plaintiff could not respond to. See Pierre v. AngioDynamics, Inc., No. 12-CV-834, 2013 WL 1292141, at *7 n.6 (N.D.N.Y. Mar. 26, 2013) (opting not to address an argument raised by the defendant for the first time after the plaintiff cross-moved to amend his complaint because the plaintiff lacked an opportunity to respond).

Here, the circumstances are similar to those in Carpenter. Like Carpenter, Plaintiff filed a motion to amend its Complaint with several pages of new factual allegations, and Defendants opposed the motion. Likewise, Local Rule 7.1(c) in this District still does not entitle Plaintiff to file a response to Defendants because Plaintiff filed a cross-motion. See L.R. 7.1(c). The Court could permit Plaintiff to file a reply but, because "granting the cross-motion to amend . . . is more expedient," Carpenter, 2019 WL 3338845, at *1, the Court will follow Carpenter's reasoning, and grant Plaintiff's Motion. Cf. Dietz v. Bouldin, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.").

### III.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Cross-Motion to Amend its Complaint (Dkt. No. 40) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff file its proposed Amended Complaint in accordance with Local Rule 7.1(a)(4); and it is further

**ORDERED**, that Defendants' Motion to Dismiss (Dkt. No. 7) is **DENIED as moot**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   February 9, 2023
           Albany, New York

LAWRENCE E. KAHN
United States District Judge